## STATE TAX COMMISSION v. LINFORD et al.

No. 7245. Decided June 21, 1949. (207 P. 2d 1121.)

See 53 C. J. S., Licenses, sec. 36.

*G. Hal Taylor, Wayne Christofferson,* Salt Lake City, for appellant.

*Allen B. Sorensen,* Salt Lake City, *Dallas H. Young,* Provo, for respondents.

McDONOUGH, Justice.

The State Tax Commission sued defendants to recover on a bond of indemnity given to secure payment of sales tax.

The district court sustained a general demurrer to the complaint, and subsequently dismissed the action. Plaintiff appeals from the judgment of dismissal, contending that the trial court erred in sustaining the demurrer and in dismissing the action.

In substance the complaint alleges that on April 7, 1947, defendants executed and delivered to plaintiff an undertaking in the sum of $1,000 whereby they guaranteed to indemnify the State Tax Commission for all sums which might become due and owing for sales tax from Orem Motor Company, Inc., after notice and demand for payment of tax shall have been uncomplied with for 60 days; that said principal failed to remit the sales tax for the period of November and December, 1947, although it filed a sales tax return for said period showing tax due in the sum of $808.24; and that a penalty was assessed for failure to remit the tax; that notice and demand for payment of said tax were served upon said corporation on January 26, 1948; that said company failed to pay the tax; that upon expiration of 60 days plaintiff made written demand upon defendant sureties for payment of the tax, penalty and interest, no part of which has ever been paid; and that the delinquent tax, penalty and interest aggregated the sum of $893.14.

From the written order sustaining the demurrer it would appear that the lower court based its decision on the failure of plaintiff to allege any consideration from plaintiff to defendants for execution of such undertaking, and for failure to allege any authority of law whereby plaintiff could have accepted such undertaking. On this appeal, no contention is made that the bond is invalid for want of sufficient consideration. The contentions made by respondents are (1) that there is no allegation of authority of law to demand or to accept such form of undertaking or any undertaking, and (2) that the State Tax Commission in fact has no authority of law to require the type of written undertaking upon which this suit is predicated.

Since the district court was required to take judicial notice of the statutes, if there is such statutory authority vested in the commission, there is no necessity to allege it. The crux of the controversy between the parties relates to the second contention, whether there is any authority of law which empowers the tax commission to require or to accept the type of undertaking on which suit is based. The solution of this controversy depends upon the meaning of Sec. 80-15-5, U. C. A. 1943, the material portions of which provide:

"The state tax commission, whenever it deems it necessary to insure compliance with the provisions of this act, may require any person subject to the tax imposed hereunder to deposit with it such security as the state tax commission may determine. The same may be sold by the state tax commission at public sale if it becomes necessary so to do in order to recover any tax, interest or penalty due. Notice of such sale may be served upon the person who deposited such securities personally or by mail; if by mail, notice sent to the last known address as the same appears in the records of the state tax commission shall be sufficient for the purposes of this requirement. Upon any such sale the surplus, if any, above the amounts due under this act, shall be returned to the person who deposited the security."

The bond or undertaking executed by defendants and respondents, is not the type of security which is ordinarily marketable, and the respondents contend that the word "security" as expressed in the statute is limited to "negotiable securities" which might be pledged as collateral with the conditional power of sale to insure performance of the tax remittance obligation, and that such term cannot have reference to any suretyship or indemnity contract. In support of their contentions, respondents point to the fact that the second sentence of the paragraph hereinabove quoted provides that such "security" "may be sold * * * at public sale" in case of default, and that upon "any such sale the surplus if any, above the amounts due under this act, shall be returned to the person who deposited the security."

Concededly, the return of "any surplus" doubtless has reference to marketable securities or other types of personal

property which can be transferred to a purchaser at public sale.

The respondents stress the language of the last two sentences and overlook entirely the first sentence which provides:

"The state tax commission, whenever it deems it necessary to insure compliance with the provisions of this act, may require any person subject to the tax imposed hereunder to deposit with it such security as the state tax commission may determine."

The statute does not by its terms limit the type of security which the commission may determine to be the proper security to be deposited. The fact that the broad grant of authority to the commission is followed by the language stressed by respondents does not indicate a legislative intent to limit the type of security which the commission may require to be deposited. It but provides an expeditious method of realizing upon marketable securities so deposited without necessitating court action to foreclose a pledge which otherwise might be required. This construction of the section of the statute under discussion is in harmony with its evident purpose.

The sole purpose of requiring security is to insure payment of the tax. If the authority of the commission to take security were expressly limited to marketable securities, many persons with only limited capital who might be unable to deposit such securities, but who enjoy the confidence of persons of adequate financial responsibility who would be willing to sign as sureties on a bond or indemnity contract, would be precluded from going into business as retailers.

Furthermore, the fact that the commission is granted the power to sue and be sued in its own name, 80-5-46 (1), U. C. A. 1943, and the further power to prescribe rules and regulations not in conflict with the constitution and laws of this State for its own government and "the transaction of its business," subsections (2) and (23), suggests that the commission should be able to do everything reasonable,

appropriate, and businesslike in the collection of taxes which it has the duty to collect. It is in the interest of businessmen charged with the duty to collect and remit sales tax, to have the tax commission subject them to as little inconvenience or financial burden as possible. The opportunity to deposit with the commission an undertaking to guarantee payment of tax, interest and penalties which will accrue, is far less onerous than a requirement to deposit marketable securities, particularly when the latter might well be needed to obtain current operating capital.

The trial court erred in sustaining the demurrer to the complaint and in dismissing the action. Its judgment is therefore reversed and the cause is remanded with directions to reinstate the case, to overrule the demurrer, and to require defendants to answer. Costs to appellants.

PRATT, C. J., and WADE, WOLFE and LATIMER, JJ., concur.